UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Civil No. 11-CR-299(1) (SRN/SER) |
| | ORDER |
| v. | |
| Joseph Steven Meyer, | |
| Defendant. | |

Robert M. Lewis, Esq., United States Attorney's Office, 600 U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415, for Plaintiff

Robert D. Sicoli, Esq., Law Offices of Robert D Sicoli, Ltd., 8000 Flour Exchange Building, 310 Fourth Avenue South, Minneapolis, MN 55415 & Ryan P. Garry, Esq., Ryan Garry, Attorney, LLC, 301 4th Avenue South, Suite 285, Minneapolis, MN 55415, for Defendant Joseph Steven Meyer (01)

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Steven E. Rau dated December 8, 2011 [Doc. No. 88]. In the R&R, Magistrate Judge Rau recommends that this Court deny as moot Defendant's Motion for Severance of Defendants and deny Defendant's Motion to Sever Count [31]. Defendant filed timely objections to the R&R [Doc. No. 98]. The Court has reviewed de novo those portions of the R&R to which Defendant Meyer objects, as required by 28 U.S.C. § 636(b)(1) and Fed.R.Crim.P. 59(b)(3). Based on that review, the Court adopts Magistrate Judge Rau's recommendations and denies the Motions to Dismiss.

As to the recommendations in the R&R, it appears that Defendant objects only to the

recommendation denying the Motion for Severance of Count [31] of the Superseding Indictment.[1] The R&R finds that, under Fed. R. Crim. P. 8(b), the witness tampering charge in Count 31 is related to the underlying substantive counts of conspiracy, wire fraud and money laundering, and that joinder is proper.

First, the Court finds that the Magistrate Judge correctly applied Fed. R. Crim. P. 8(b), as opposed to Rule 8(a), in analyzing Defendant's motion for severance. In a multiple-defendant case where the defendants are not all charged with each offense, as is the case here, Rule 8(b) governs the joinder of offenses. United States v. Southwest Bus Sales, Inc., 20 F.3d 1449, 1453 (8th Cir. 1994); United States v. Jones , 880 F.2d 55, 61 (8th Cir. 1989); United States v. Finney, No. 09-349, 2010 WL 3023271, *3 (D. Minn. April 22, 2010).

Rule 8(b) states that

> [t]he indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

However, even if joinder is proper under Rule 8, Rule 14(a) provides that if joinder of defendants appears to prejudice a defendant or the government, the Court has the discretion to "order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

Here, the Superseding Indictment jointly charges the defendants with two counts of

---

[1] As the R&R notes, Defendant originally moved to sever Count 25. After the motion was filed, however, the Government filed the Superseding Indictment, adding additional counts. There is no disagreement that the count Defendant seeks to sever, for witness tampering, is now Count 31 in the Superseding Indictment.

conspiracy arising from the same fraud scheme. The scheme alleges a conspiracy to commit wire fraud (Count 1) and a conspiracy to launder the proceeds of the fraud (Count 30). In addition, Defendant Meyer is charged with witness tampering (Count 31). "In general, persons charged in a conspiracy or jointly indicted on similar evidence from the same or related events should be tried together." United States v. Jones, 880 F.2d 55, 63 (8th Cir. 1989) (citations omitted.) The Eighth Circuit has further held, "If the indictment invites joint proof, as here, the prima facie validity of joinder is shown." United States v. O'Connell, 841 F.2d 1408, 1432 (8th Cir. 1988). The witness tampering charge against Defendant Meyer alleges that he attempted to persuade a co-defendant to lie to investigators about the fraud scheme charged in the balance of the Superseding Indictment. Moreover, as the Government argues in its memorandum, because a jury would need to know about the alleged underlying scheme in order to understand any alleged cover-up, the allegations involve the same proof of facts. The Court agrees with the Magistrate Judge's findings that proof of the charges against the defendants is based upon the same evidence and acts. Accordingly, the defendants and the counts are properly joined for trial.

In addition, the Magistrate Judge found that Defendant Meyer has not established the requisite prejudice for severance at the Court's discretion, under Fed. R. Crim. P. 14. Defendant argued that the potential introduction at trial of co-defendant Wright's statements necessitated severance. However, as the Magistrate Judge acknowledged in the R&R, this potential issue was rendered moot by Wright's plea agreement with the government. Wright will no longer be a co-defendant at trial. Even if he were, any issues involving the admissibility of a co-defendant's statement could be resolved at trial under Bruton v. United States, 391 U.S. 123 (1968), and its progeny. In addition, the Court could instruct the jury regarding the use of Wright's statements.

United States v. Warfield, 97 F.3d 1014, 1019 (8th Cir. 1996) (rejecting defendant's "spill-over" argument, noting that the trial court instructed the jury to view the evidence presented against one defendant as applicable to only that defendant). The Court agrees with the R&R's finding that Defendant Meyer failed to establish prejudice for severance under Rule 14 and adopts the R&R's recommendation denying Defendant's Motion to Sever Count [31].[2]

Defendant Meyer also filed an appeal of the Magistrate Judge's ruling on his non-dispositive motions [Doc. No. 99]. Defendant Meyer appeals the Magistrate Judge's ruling in Paragraph 6 of the December 8, 2011 Order [Doc. No. 87 at 2]. Specifically, Defendant appeals the ruling requiring the Government to disclose all Brady material no later than three business days before trial. Defendant argues that such materials should be disclosed immediately. This is a moot point because the Government represented in its Consolidated Response to Defendants' Motions that it has complied, and will continue to comply, with its obligations under Brady v. Maryland, Giglio v. United States, and their progeny. (Govt's Resp. at 9-10 [Doc. No. 67].) Moreover, the Government contends that, to the extent it possesses more recently-gathered documents obtained in furtherance of the Superseding Indictment, it will promptly disclose any such materials subject to Rule 16 and Brady and Giglio. Defendant's appeal on this ground is therefore denied as moot.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

    1.    Defendant's Motion for Severance of Defendants [Doc. No. 20] is **DENIED as moot**;

    2.    Defendant's Motion to Sever Count [31] [Doc. No. 22] is **DENIED;**

3. The Report & Recommendation [Doc. No. 88] is **ADOPTED**; and

4. Defendant's Appeal/Objection of Magistrate Judge's Decision [Doc. No. 99] is **DENIED as moot**.

Dated: December 30, 2011

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge